## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is made and entered into by and between OMAR ABUSHAMMA ("Claimant" or "Plaintiff"), and MAJED MALEK d/b/a ALEX'S DELI (the "Defendant"), (Claimaint and the Defendant are jointly referred to in this Settlement Agreement as the "Settling Parties"), as of December 30 2016.

## RECITALS

A.   WHEREAS, on or about July 12, 2016, Claimant filed an action (the "Action") against Defendant, alleging, *inter alia*, that Defendant failed to pay him certain wages due in connection with services he performed on his behalf. The aforementioned Action is currently pending in the United States District Court, Eastern District of New York, Case No. 16-CV-3868;

B.   WHEREAS, no court has considered or determined the claims presented;

C.   WHEREAS, Defendant admits no wrongdoing, nor any liability with respect to Claimaint's allegations

D.   WHEREAS, the Settling Parties acknowledge that this Settlement Agreement, and the monies received by Claimant and referenced herein, are a fair and reasonable resolution of a bona fide dispute over a provision of the Fair Labor Standards Act and/or time worked;

NOW, THEREFORE, in consideration of the foregoing, and in consideration of the covenants, warranties and promises set forth below, receipt of which is hereby acknowledged, the Settling Parties agree as follows:

## AGREEMENT

1.   <u>Consideration</u>. The Settling Parties are entering into this Settlement Agreement in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged. Claimant agrees that he will not seek any further consideration from Defendant, including any monetary payment, beyond that which is set forth in Section 2 of this Settlement Agreement.

2.   <u>Settlement Compensation and Release.</u>

Defendant agrees to pay Claimant the settlement amount of thirty thousand dolars ($30,000.00) (the "Settlement Amount" ) as follows:

> On or before February 1, 2017, Defendant shall deliver to Law Offices of Lauren Goldberg, PLLC, 65 Broadway, 7th Floor, New York, NY 10006 (or any other address provided by Claimant's counsel), two certified checks. The first check will be in the amount of $13,340.00, without any deductions or withholdings, and will be payable to "Omar Abushamma". The second

certified check will be in the amount of $ 6660.00 without any deductions or withholdings, and will be payable to the "Law Offices of Lauren Goldberg."

Defendant shall deliver the remaining ten thousand dollars ($10,000.00) to Law Offices of Lauren Goldberg, PLLC, 65 Broadway, 7th Floor, New York, NY 10006 (or any other address provided by CLAIMANT'S counsel) in 12 equal monthly installments of $833.33. Defendant shall pay the first such installment on or before March 1, 2017, and each additional installment on the first day of each consecutive month thereafter.

For and in consideration of the payments provided for in this Paragraph 2, subject to the terms and provisions of this Settlement Agreement, Claimant fully, finally, irrevocably and forever releases and discharges Defendant, including each of its current and former predecessors, successors, assigns, employees, attorneys and agents, from any and all claims, causes of action, or complaints, in equity or at law, asserted in the Action, or arising from or related to the allegations contained in the Action, whether known at this time or not, which Claimant has or may have against Defendant, whether asserted in this Action or not.

If the defendant fails to make any payment as herein set forth above, defendant shall be deemed to be in default and plaintiff shall give notice to defendants of the default by first class mail to Defendant at the address listed below. If the defendant fails to cure within seven (7) days of notice of default having been received, the full amount then oustanding shall become due. Majek Malek will also be a personal guarantor to this agreement and will sign a Confession of Judgement for the settlement amount of this agreement

3.   Enforcement.   Should it be necessary for any Party to this Agreement to commence a legal proceeding or action for the purpose of enforcing the terms of this Agreement, the prevailing Party shall be entitled to recovery its attorneys' fees, costs, and damages as determined by a court of competent jurisdiction in connection with that proceeding or action. If a Court determines that the Defendants are in breach for failure to pay pursuant to Section 2, plaintiff will also be entitled to interest as the U.S. Treasury rate from the date of default.

4.   Claimant's Responsibility for Taxes.   Claimant assumes full responsibility for any and all federal, state and local taxes or contributions which may hereafter be imposed or required to be paid by Claimant under any federal, state, or municipal laws of any kind, with respect to the monies paid by Defendant to Claimant or his attorneys pursuant to this Settlement Agreement. If the Internal Revenue Service or any other federal, state or local government, administrative agency or court determines that Claimant and/or Defendant is liable for any failure by Claimant or his attorneys to pay federal, state or local income taxes with respect to the Settlement Payment set forth in this Settlement Agreement, or liable for interest or penalties related thereto, Claimant agrees to hold Defendant harmless for any such liability.

5.  **Court Approval.** The Settling Parties agree to submit this Settlement Agreement to the Court for its inspection and approval as a fair and reasonable resolution of a bona fide dispute under the Fair Labor Standards Act. Defendant agrees that it will join in any request for approval of this settlement, including the approval of any attorneys' fees award request. Defendant agrees that it will not oppose any appeal by Claimant in the event this Settlement Agreement is not approved by the Court. If the Court refuses to approve the settlement upon the terms of this Settlement Agreement, or a mutually agreed-upon modification of this Settlement Agreement, this Settlement Agreement shall be null and void.

6.  **Various Proceedings Stayed.** The Settling Parties agree to stay all proceedings in this Action, except such proceedings as may be necessary to implement and complete the Settlement Agreement.

7.  **Entire Agreement.** This Settlement Agreement constitutes the complete understanding of the Settling Parties. No other promises or agreements shall be binding unless agreed to in writing and signed by the Settling Parties.

8.  **Jurisdiction.** The Settling Parties consent that the federal district court where the Action was originally filed will retain jurisdiction over any question or dispute arising out of or pursuant to this Settlement Agreement.

9.  **Counterparts.** The Parties may execute this Agreement in counterparts, each of which shall constitute an original for all purposes, including any copies of same, but this Agreement shall not be effective until each Party has executed at least one counterpart. The Parties will be bound by signatures on this document which are transmitted by mail, hand delivery, facsimile and/or any other electronic method (e-mail or otherwise) to the other Party or, if applicable, counsel of record for the other Party. Such signature will have the same binding effect as an original signature.

10. **Drafting and Interpretation.** Each of the Parties acknowledges that it has read this Settlement Agreement, has participated in its negotiation, understands its contents, has had the opportunity to consult with legal counsel concerning this Settlement Agreement and that, in entering into this Settlement Agreement, it is not relying on any representations other than those expressly set forth in this Settlement Agreement. Each Party further agrees that this Settlement Agreement shall not be construed against any one party based on the identity of the author or authors.

[Rest of Page Left Intentionally Blank]

IN WITNESS THEREOF, the Settling Parties hereto evidence their agreement by their signature below.

**CLAIMANT:**

OMAR ABUSHAMMA

By: _[signature]_

Date: 12.30.2016

**DEFENDANT:**

MAJED MALEK, d/b/a Alex's Deli

By: _[signature]_

Date: 12-30-2016

Address:

Majed Malek

115 Radford St., 1st Fl.,

Staten Island, NY 10314.